FILED
U.S. DIST. COURT
MIDDLE DIST. OF LA

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF LOUISIANA** 5   PM 12: 53

SIGN _____
BY DEPUTY CLERK

| | | |
|---|---|---|
| JUANITA McKNIGHT | * | |
| | * | |
| PLAINTIFF | * | CIVIL ACTION NO. _07-9-JJB-CN_ |
| VS. | * | |
| | * | |
| FIRST FINANCIAL ASSET | * | COMPLAINT AND DEMAND |
| MANAGEMENT, INC., ROBERT | * | FOR A JURY TRIAL |
| BURNSIDE AND MISS KING | * | |
| DEFENDANTS | * | |

## COMPLAINT

### I. INTRODUCTION

1.      This is an action for damages brought by an individual consumer for defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION

2.      Jurisdiction of this court arises under 15 U.S.C. § 1692k, 28 U.S.C. §§ 1331 and 1337.

### III. PARTIES

3.      Plaintiff, Juanita McKnight (hereinafter referred to as "plaintiff" or "Ms. McKnight") is a natural person who resides in East Baton Rouge Parish, Louisiana, and is a "consumer" as defined by 15 U.S.C. § 1692a(3).

4.      Defendant, First Financial Asset Management, Inc. (hereinafter referred to as "First Financial") is a Delaware corporation doing business in the state of Louisiana, whose registered agent for service of process in Louisiana is LexisNexis Document Solutions, Inc., 320

Somerulos Street, Baton Rouge, Louisiana 70802-6129. First Financial, at all times relevant hereto, regularly attempted to collect debts alleged to be due another and is a "debt collector" as defined under the FDCPA.

5.    Defendant, Robert Burnside, is a natural person, an employee of defendant First Financial, and is on information and belief a citizen of New York. Defendant Burnside, at all times relevant hereto, regularly attempted to collect debts alleged to be due another and is a "debt collector" as defined under the FDCPA

6.    Defendant, Miss King (first name unknown), is a natural person, an employee of defendant First Financial, and is on information and belief a citizen of New York. Defendant King, at all times relevant hereto, regularly attempted to collect debts alleged to be due another and is a "debt collector" as defined under the FDCPA

## IV. FACTUAL ALLEGATIONS

7.    On or about May 3, 2006, an employee of defendant First Financial contacted plaintiff demanding payment from plaintiff of a debt in the amount of approximately $6,010.90 by plaintiff.

8.    The alleged debt was from the use of a personal credit card issued by Citibank in 1990 to plaintiff which was used primarily for personal, family or household purposes.

9.    The employee of defendant First Financial informed plaintiff's husband that plaintiff would be sued for this amount.

10.    On or about June 1, 2006, defendant Burnside, an employee of defendant First Financial, contacted plaintiff again on behalf of defendant First Financial.

11.    Defendant Burnside informed plaintiff that he was "turning [plaintiff's

account] over to an attorney for filing suit."

12.    On or about June 13, 2006, defendant King, an employee of defendant First Financial, contacted plaintiff by telephone again on behalf of defendant First Financial.

13.    Defendant's employee informed plaintiff that interest had not been calculated into the previously stated balance of $6,010.90, and further stated that "the interest is only applied after it, it has been turned over for the litigation process to begin and that's when they go back until um, actually from August 12th of '99 to current, and that's when they add the interest in at 29.99% I believe it is."

14.    Defendant King informed plaintiff that the account had been charged off on and reported to plaintiff's credit report on August 12, 1999.

15.    Defendant King then stated,

> I don't want you to think that this is in a p-, in a, in a point where you're still in collections, because you're not. This is actually a, a matter where the direct-, the director will turn this in to the attorneys over there in your area and then they will file suit for not just the six thousand ten dollars and ninety cents but for all the interest that's gonna go back to '99 as well as attorney fees and court costs is what's gonna be your balance in, in which they'll try to get a judgment on. And if the judgment is, is done, then it can come through any assets that you may have or even possibly garnishment because Louisiana's a garnishable state at 25% of your income.

16.    Defendant King claimed that the last payment received on the account was on "December 15th of '03."

17.    Copies of plaintiff's credit report obtained in June 2006 show no records of this account, let alone activity on the alleged account within the last seven years.

18.    When plaintiff asked if she could be sued, Defendant King replied "Oh yes

ma'am, he more than likely because there's assets involved, and um, both you and uh, your husband are both working, yes, he, he will sue you. It, it's not that it's, you're going to be, he is going to sue you."

19.    After plaintiff asked when she would be sued, Defendant King stated "I'm sure this month if something is not met on, on this, as far as a, a type of payment arrangement or settlement on the account, or even if the balance is not taken care of in full, I'm sure you, your, one, this account will head out to the attorneys."

20.    Defendant King later declared,

Yeah, see, this matter even with the um, the six thousand ten dollars and ninety cents, there hasn't even been any interest on this. You know? And because it was in collections you're gonna be charged the highest interest rate should this move forward. So right as of now this is principal balance. And it may have some late fees in there because if you, you know sign, if you ac-, actually take the time to read the bottom of a credit application, that's what you're signing, that if it's ever, uh, breached, or it's defaulted on that you'll still continue to pay interest and late charges as though you would with, when the account was still in, in, uh, customer service status. So this is all principle balance.

21.    Defendant King went on to state,

[W]hat they're suing for is six thousand ten dollars ninety cents. They'll put that interest and them late charges um, attorney fees and courts costs, on top of this six thousand. You could be looking at say, just to throw a number out there, um, Miss McKnight, fifteen thousand dollars in the end result. What'll happen then if they don't seek garnishment because you guys are in a community property state, then they'll go after your assets and they'll put a lien against it. I mean, there's been even situations where, you know, people had to move out of their homes due to the fact that they were sued for a past due bill, and they were able to seize the property. So there are laws definitely set out here for these creditors.

22.    Defendant King then stated that her director advised her "that he has power

of attorney and he can do it today and have it to the attorneys tomorrow."

23.    Defendant King finally claimed that "The only thing that's, that you can do to make this matter happen, as far as not to see the attorney, will be to get your checkbook out and take an arrangement."

24.    At the time of this telephone call, there had not been any payments nor charges made for more than three years.

25.    This debt therefore was prescribed under Louisiana law.

26.    Suit was not filed on this alleged debt.

27.    Defendants have made numerous false, deceptive, and/or misleading representations to Ms. McKnight.

## DEFENDANT'S PRACTICES

28.    Defendants, First Financial Asset Management, Inc., Robert Burnside and Miss King, violated numerous provisions of the FDCPA including but not limited to sections 1692e, 1692e(4), 1692e(5), and 1692e(10).

29.    Plaintiff has suffered actual damages and injury, including, but not limited to, stress, humiliation, anxiety, extreme mental anguish and suffering, emotional distress, for which he should be compensated in an amount to be proven at trial.

WHEREFORE, plaintiff respectfully requests that the Court grant the following relief in his favor and against Defendants, First Financial Asset Management, Inc., Robert Burnside and Miss King, for:

    a.    Additional damages;

    b.    Actual damages;

c.     Attorney fees, litigation expenses and costs; and

d.     Such other and further relief as is appropriate.

A JURY TRIAL IS DEMANDED.

BY ATTORNEYS:

**GARTH J. RIDGE**, #20589
Attorney for Plaintiff
251 Florida Street, Suite 301
Baton Rouge, Louisiana 70801
Telephone Number: (225) 343-0700
Facsimile Number: (225) 343-7700
Email Address: garthridge@aol.com

**STEPHEN G. KABEL**, #30209
Attorney for Plaintiff
12625 Waycross Court
Baton Rouge, Louisiana 70816
Telephone Number: (225) 292-8494
Email Address: stephenkabel@excite.com

JS 44   (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
McKNIGHT, Juanita

## DEFENDANTS
First Financial Asset Management, Inc., Burnside, Robert, and Miss King

**(b)** County of Residence of First    East Baton Rouge
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed   New Castle
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Garth J. Ridge
Attorney at Law
251 Florida Street, Suite 301
Baton Rouge, Louisiana 70801
Telephone Number: 225-343-0700 Facsimile Number: 225-343-7700

Attorneys (If Known)

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

X 3  Federal Question (U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PLF | DEF | | PLF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | ☐ 625 Drug Related Seizure | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | of Property 21 USC | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |

(Torts continued)
**PERSONAL INJURY**
☐ 362 Personal Injury— Med. Malpractice
☐ 365 Personal Injury — Product Liability
☐ 368 Asbestos Personal Injury Product Liability
**PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

☐ 864 SSID Title XVI
☐ 865 RSI (405(g))
☐ 894 Energy Allocation Act
☐ 895 Freedom of Information Act

| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS |
|---|---|---|
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights |
| | | ☐ 555 Prison Condition |

☐ 730 Labor/Mgmt.Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS—Third Party 26 USC 7609

☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes
X 890 Other Statutory Actions

## V. ORIGIN   (PLACE AN "X" IN ONE BOX ONLY)

X 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   X Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE  January 4, 2007

SIGNATURE OF ATTORNEY OF RECORD  Garth J. Ridge

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUN _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

4699005333